Barbara Klomp, Administratrix, Appellee, v. Chicago, Milwaukee & St. Paul Railway Company, Appellant.

Gen. No. 23,658.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in this court at the October term, 1917. Reversed with finding of fact. Opinion filed April 29, 1918. Rehearing denied May 13, 1918.

## Statement of the Case.

Action by Barbara Klomp, administratrix of the estate of William Klomp, deceased, plaintiff, against Chicago, Milwaukee & St. Paul Railway Company and Commonwealth Edison Company, defendants, to re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

cover for the death of plaintiff's intestate. The Edison Company was found not guilty under an instruction of the court. From a judgment for plaintiff for $5,000 against defendant Railway Company, the latter appeals.

O. W. DYNES and CARL S. JEFFERSON, for appellant; H. H. FIELD, of counsel.

CHARLES C. SPENCER, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. COMMERCE, § 4*—*when stationary engineer not engaged in interstate.* An engineer in charge of the operation of a steam crane which is used for hoisting concrete and pouring it into forms for a retaining wall and for shifting the forms, the retaining wall forming a support for material used to elevate a part of a track in a city's limits over which passes a division of a railroad which connects with other divisions of the railroad running into other States, is not engaged in interstate commerce so as to come under the Federal Employers' Liability Act.

2. MASTER AND SERVANT, § 110*—*when negligence of employer in requiring employee to operate crane near electric wires not proximate cause of death of employee by shock.* The negligence of an employer in requiring an employee to operate a crane so near electric wires as to bring it in contact with the wires is not the proximate cause of his death, where it appears that an electric wire was broken by coming in contact with the crane cable and that after the wire had fallen, against the warning of his fellow employees and while it was clear that it was a "live" wire, he picked it up and held it, though there was no emergency or danger to others requiring him to do so, and received a shock which killed him.

3. NEGLIGENCE, § 196*—*when proximate cause question for court.* While the question of what is proximate cause is, ordinarily, for the jury, whether there is any evidence tending to show that the negligence charged was the proximate cause is a question of law.

4. MASTER AND SERVANT, § 110*—*when negligence not proximate*

P., C., C. & St. L. R. Co. v. Templeton, 210 Ill. App. 377.

*cause of death of employee.* If the negligence complained of, in an action for the death of an employee, merely furnished a condition by which the injury was possible and a subsequent independent act caused the injury, the existence of the condition was not the proximate cause of the injury, and if the act which was the immediate cause of the injury was such as in the exercise of reasonable diligence would not be anticipated, the first act or omission was not the proximate cause of the injury.

5. MASTER AND SERVANT, § 110*—*when act of employee in picking up live wire cannot reasonably be guarded against by employer.* A master cannot reasonably anticipate or guard against the act of an experienced engineer in its employ, who has good health and good eyesight and is warned by his associates, in picking up an electric wire which is evidently and visibly "live."

6. MASTER AND SERVANT, § 579*—*when burden of showing that employee picked up live wire to save others is on plaintiff.* Where an experienced engineer, contrary to the warnings of his associates, picks up an electric wire which is obviously "live," the burden of showing that he did so to save others who were exposed to danger by the wire is on the plaintiff, in an action to recover for the engineer's death.